# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

_____

In Re:

**Canyon Management, LLC,**                    **Bankruptcy Case**
                                                **No. 11-41022-JDP**

**Debtor.**

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

Steven L. Taggart, Maynes Taggart, PLLC, Idaho Falls, Idaho,
Attorney for David and Rebecca Johnson.

Robert A. Faucher, Holland & Hart, LLP, Boise, Idaho, Attorney for
Newmont USA Limited.

R. Sam Hopkins, Chapter 7 Trustee.

### *Introduction*

David and Rebecca Johnson (the "Johnsons") are the members and

equity owners of chapter 7[1] debtor Canyon Management, LLC ("Debtor").

_____

[1] Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all Rule references are to the
Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 1

This contest involves the Johnsons' "Renewed and Restated Objection" to

the allowance of a proof of claim filed in Debtor's case by alleged creditor

Newmont USA Limited ("Newmont"), and the Johnsons' corresponding

objection to the Final Report of chapter 7 trustee R. Sam Hopkins

("Trustee") proposing to pay Newmont's claim.  Dkt. No. 102.  On

December 16, 2014, the Court conducted a hearing at which the parties

appeared and presented, by stipulation, documentary evidence and oral

arguments.  At the conclusion of the hearing, the Court took the issues

under advisement.  This Memorandum of Decision sets forth the Court's

findings of fact, conclusions of law, and decision concerning the issues.

Rules 7052; 9014.

*Facts*

The Johnsons and Newmont have been embroiled in a dispute for

years concerning an agreement the parties executed in February 2006 (the

"Contract").  Dkt. No. 50 at 3.  The Contract provided, among other things,

that David Johnson, acting through Debtor, would construct and sell

manufactured homes to Newmont's employees at a mining site in Elko,

MEMORANDUM OF DECISION – 2

Nevada. *Id.* Shortly after signing the Contract, the parties' relationship deteriorated.

On October 5, 2007, Newmont sued Debtor for damages in Nevada state court alleging that it had breached the Contract. Exh. 6. After several years of litigation, on June 21, 2011, Debtor filed the chapter 7 petition commencing this bankruptcy case. Dkt. No. 1. Newmont filed a proof of claim, No. 3-1, on October 29, 2012, for $2,927,182.13, the amount of its alleged breach of contract damages. On December 21, 2012, the Johnsons filed an objection to the proof of claim. Dkt. No. 49.

On February 27, 2013, the Court granted the Johnsons' motion for relief from the automatic stay so the parties could return to the Nevada courts to determine the extent of Newmont's claim against Debtor; the Court also stayed further proceedings in the bankruptcy case regarding Newmont's claim. Dkt. Nos. 62 and 66.

On October 1, 2013, the Johnsons and Newmont executed a settlement agreement in state court (the "Settlement"), under the terms of which, among other things, the Johnsons agreed to pay Newmont

MEMORANDUM OF DECISION – 3

$250,000.  Exh. 3.[2]  As is important in this dispute, the Settlement also

stated that:

> The parties have agreed to a settlement of the Litigation
> and have decided to enter into this Agreement to
> resolve all existing claims, either known or unknown,
> and are entering into this Agreement for the purpose of
> memorializing such settlement.  The settlement of the
> Litigation does not pertain to [Debtor's] bankruptcy
> pending Case No. 11-41022-JDP, except as set forth
> below in Paragraph 1(d).

*Id.* at 3.   In turn, Paragraph 1(d) of the Settlement provided that the

Johnsons "agree[d] that they will not claim any right to the Escrow Funds,

and they will not object to any relief the Chapter 7 Trustee of [Debtor]

seeks with respect to the Escrow Funds."  *Id.* at 4.  According to the

Settlement, the "Escrow Funds" identified in Paragraph 1(d) referred to

certain funds from the sale of a manufactured home that had been placed

in an escrow account prior to Debtor's bankruptcy filing.  *Id.* at 2.  Trustee

was not a party to the Settlement.  *Id.* at 9.

On December 4, 2013,  the Johnsons, Newmont, and Trustee filed a

---

[2]  The Johnsons individually are named in the Settlement along with other entities they apparently controlled, including Debtor.

MEMORANDUM OF DECISION – 4

stipulation (the "Stipulation") with this Court resolving the issues pending

in Debtor's bankruptcy case on December 24, 2013.  Dkt. No. 71; Exh. 11.

The Stipulation explained that "Newmont and the Johnsons have reached

and consummated, a comprehensive settlement in Nevada . . . [and] [t]he

parties now wish to resolve all of their outstanding disputes and claims in

this bankruptcy case so that the case can be closed."  *Id.* at 2.  At the time

the parties signed the Stipulation, Trustee, on behalf of the bankruptcy

estate, held $10,000 in cash, which the Stipulation identified and defined as

"the 'Cash.'" *Id.*  The Stipulation provided that, the Escrow Funds, as

identified in the Settlement would be paid to Newmont and:

> Newmont agrees that Newmont's Unsecured Claim is
> subordinated to other unsecured claims insofar as the
> Cash is concerned.  Trustee shall be entitled to use the
> Cash to pay the administrative expenses of the estate
> and then to distribute the remainder of the Cash after
> payment of administrative expenses to the holders of
> unsecured claims other than Newmont . . . [t]o the
> extent any Cash is left over after Trustee uses it as
> stated . . . Trustee shall distribute such Cash to the
> Johnsons.

*Id.* at 3.  The Stipulation concluded by providing: "[t]he parties

MEMORANDUM OF DECISION – 5

acknowledge that Newmont's claims against [Debtor] shall not be

discharged in this chapter 7 proceeding, in accordance with Bankruptcy

Code § 727(a)(1)." *Id.* Counsel for Newmont, the Johnsons, and Trustee

signed the Stipulation. *Id.* at 3-4.

      In an amended motion filed on February 12, 2014, Trustee asked the

Court to approve the Stipulation, representing that :

> The Stipulation provides that the Estate will retain the
> $10,000 in cash and Newmont will be entitled to the
> escrow[] funds.  The $10,000 will enable the estate to
> pay in full administrative costs and the unsecured
> creditors other than Newmont.  Newmont is
> subordinating its claim pursuant to the Stipulation in
> order to permit other unsecured creditors to be paid in
> full.  In addition, the parties have agreed that if any of
> the $10,000 remains in the estate after payment of costs
> and other unsecured claims, the surplus will be paid to
> the Johnsons.

Dkt. No. 74 at 2.  There being no objections to Trustee's motion, the Court,

on March 11, 2014, entered an order approving the Stipulation.  Dkt. No.

79; Exh. 112.

      Thereafter, something occurred that would normally be considered

MEMORANDUM OF DECISION – 6

someone's good fortune.  Apparently, on April 21, 2014, Trustee received

an unexpected payment from Sierra Pacific Power representing an over-

payment on its account with Debtor (the "Refund").  The Refund

amounted to $25,990.84.  Given the history of the parties' dealings and

transactions in this case, the current dispute centers on who is the lucky

one entitled to the Refund.

The parties interpret terms of the Settlement and the Stipulation

differently concerning how the Refund should be distributed.  The

Johnsons insist that Trustee should disburse the Refund to them because

Newmont's claim has been settled.  Newmont and Trustee read the

Settlement and the Stipulation differently; they conclude that the Refund

should be paid to Newmont, as Debtor's sole remaining unpaid creditor.

Therein lies the rub.

### Analysis and Disposition

In the "Renewed and Restated Objection to Claim," the Johnsons

argue that the Settlement fully resolved and disposed of all of Newmont's

MEMORANDUM OF DECISION – 7

claims against Debtor, including any claim in Debtor's bankruptcy case.

Therefore, they contend, Newmont is not entitled to any further payments

from the bankruptcy estate, and none of the Refund should be paid to

Newmont as proposed in Trustee's Final Report.  Dkt. No. 102 at 4

(asserting that "Newmont has been paid and no longer has a right to

payment.  In fact, Newmont has expressly discharged all claims . . . . As

such, Newmont has no remaining claim in [Debtor's] case, and its Claim

No. 3[-1] should be disallowed in full.  *See* [] § 502(b)(1).")[3]

Newmont disputes that its claim was extinguished by the Settlement

or the Stipulation.  Dkt. No. 103.  Instead, Newmont argues, by its express

terms, the Settlement does not to apply to Debtor's bankruptcy case, and

the Stipulation merely subordinates its claim in the bankruptcy case,

rather than extinguishing it.  Because the Stipulation was approved by an

order of this Court, Newmont contends that the Johnsons' objection to its

---

[3]  The Johnsons' citation to § 502(b)(1), which provides that a claim should
be disallowed if it is "unenforceable . . . under any agreement or applicable law . .
. .", is the sole legal authority they offer to the Court to support their position,
except for a citation to § 101(5), the definition of a "claim."

MEMORANDUM OF DECISION – 8

proof of claim must be overruled based upon principles of claim or issue

preclusion.  Further, if the Court does reach the merits of the Johnsons'

renewed objection, Newmont asserts that the Johnsons failed to provide

any legal justification for disallowance of Newmont's claim.

**I.  Applicable Law**

Section 502 provides "[a] claim or interest, proof of which is filed

under section 501 of this title, is deemed allowed, unless a party in interest

. . . objects."  If there is such an objection, § 502(b)(1) provides:

> Except as provided in [other nonrelevant provisions], if
> [an] objection to a claim is made, the court, after notice
> and a hearing, shall determine the amount of such claim
> in lawful currency of the United States as of the date of
> the filing of the petition, and shall allow such claim in
> such amount, except to the extent that— (1) such claim
> is unenforceable against the debtor and property of the
> debtor, under any agreement or applicable law for a
> reason other than because such claim is contingent or
> unmatured . . . .

A bankruptcy court may hear an objection to a proof of claim to determine

the amount of such claim, or may defer to another forum to liquidate the

amount of the claim.  *Christensen v. Tucson Estates, Inc. (In re Tucson Estates,*

MEMORANDUM OF DECISION – 9

*Inc.)*, 912 F.2d 1162, 1167 (9th Cir. 1990); *Kronemyer v. Am. Contractors*

*Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 921-22 (9th Cir. BAP 2009); *see*

*also* 4 COLLIER ON BANKRUPTCY ¶ 502.03[1][a] (Alan N. Resnick & Henry J.

Sommer eds., 16th ed.) (stating after there is an objection to a proof of

claim "the court may choose to liquidate the claim itself or chose to abstain

and defer to another forum for liquidation of the claim.").  Although a

bankruptcy court may allow another forum to decide the amount of the

claim, the claims allowance process is the province of the bankruptcy

court.  *In re Tucson Estates, Inc.*, 912 F.2d at 1167.

When a bankruptcy court decides to allow or disallow claims

pursuant to § 502, its disposition constitutes a final judgment for purposes

of claim preclusion.  *Poonja v. Alleghany Props. (In re Los Gatos Lodge, Inc.)*,

278 F.3d 890, 894 (9th Cir. 2002); *Siegel v. Fed. Home Loan Mortg. Corp.*, 143

F.3d 525, 529-30 (9th Cir. 1998).  Settlement of a dispute by the parties that

is approved by order of the court constitutes a final judgment as well.

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 747 (9th Cir. 2006).

MEMORANDUM OF DECISION – 10

If there is a dispute over any such settlement, "interpretation of a settlement agreement is governed by principles of state contract law." *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993). Under Idaho law, "[a] contract must be interpreted according to the plain meaning of the words used if the language is clear and unambiguous." *Hill v. Am. Family Mut. Ins., Co.*, 249 P.3d 812, 815 (Idaho 2011). A contract is ambiguous if it is "reasonably subject to conflicting interpretation." *McKay v. Boise Project Bd. of Control*, 111 P.3d 148, 156 (Idaho 2005) (quoting *Bondy v. Levy*, 829 P.2d 1342, 1345 (Idaho 1992)).

"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor v. Sturgell*, 553 U.S. 880, 893 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Claim preclusion applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) an identity or privity of the parties. *Idaho Sporting Congress, Inc. v. Rittenhouse*, 305 F.3d 957, 964 (9th

MEMORANDUM OF DECISION – 11

Cir. 2002) (citing *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th

Cir. 1997)).

## II.  Application of Law to Facts

Because all of the requirements for application of the doctrine are

satisfied in this case, the Court concludes that claim preclusion forecloses

the successive attempt by the Johnsons to object to Newmont's proof of

claim filed in Debtor's bankruptcy case.

First, the claim advanced by Newmont is the same claim that was

targeted by the Johnsons' prior objection, that is, Newmont's proof of

claim No. 3-1.

Second, the parties to this dispute are identical.  The Johnsons again

object to Newmont's proof of claim.

Lastly, at their request, the Stipulation entered into by the Johnsons,

Newmont, and Trustee was as approved by this Court's order, and that

order constitutes a final judgment on the merits pursuant to *In re Los Gatos

Lodge, Inc.*, *Siegel*, and *Reyn's Pasta Bella, LLC*.  In particular, the Court

MEMORANDUM OF DECISION – 12

abstained from adjudging the merits of Newmont's claim in the

bankruptcy court, stayed further proceedings on the Johnsons' objection to

Newmont's proof of claim, and deferred to the state court litigation

between the parties as the most appropriate means to dispose of the issues

raised by the Johnsons' objection.  After returning to state court, the

Johnsons and Newmont compromised their dispute via the Settlement,

and then, along with Trustee, presented the Stipulation to this Court to

resolve "all of their outstanding disputes and claims in this bankruptcy

case," including the Johnsons' objection to Newmont's proof of claim.

Exh. 11 at 2.  While the Stipulation does not expressly *allow* Newmont's

claim in the bankruptcy case, it does not disallow it either.  Instead, the

Stipulation subordinates Newmont's claim, something that would not be

required if the claim was to be disallowed.  *See Diversified Trust Deed Fund,*

*LLC v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial*

*Mortg. Co.)*, 377 B.R. 608, 620 (9th Cir. BAP 2007) (noting "there is no

purpose served in subordinating disallowed claims").  The Court

MEMORANDUM OF DECISION – 13

concludes the Stipulation provides clearly and unambiguously for the allowance, but subordination, of Newmont's claim in the bankruptcy case. Therefore, this prong of the claim preclusion doctrine is also satisfied.[4]

In sum, the Court concludes that the Stipulation, in a plain and unambiguous fashion, preserves, but subordinates Newmont's claim in the bankruptcy case. Because the Stipulation was approved by an order of this Court, the doctrine of claim preclusion forecloses the Johnsons' attempt to relitigate their objection to Newmont's proof of claim. As a result, because all other creditor claims have been paid in the bankruptcy case, the Refund, less applicable administrative costs, should be distributed to Newmont as proposed by Trustee's Final Report.

## III.  Attorney Fees

Newmont requests that it be awarded attorney fees and costs

---

[4]  The Johnsons' attempt to avoid this conclusion by pointing to the Stipulation's use of the defined term "Cash" is unconvincing, and the Court finds no ambiguity in the Stipulation. The Stipulation's reference to "Cash" refers only to the $10,000 the bankruptcy estate held at the time the Stipulation was signed. The fact that the parties did not anticipate the bankruptcy estate would receive additional funds is of no consequence to the Stipulation's legal effect.

MEMORANDUM OF DECISION – 14

incurred in defense of the Johnsons' Renewed and Restated Objection to its

proof of claim.  Newmont bases this request on the terms of the Contract, a

promissory note, and a termination agreement concerning the Contract, all

of which provide that attorney fees and costs shall be allowed to the

prevailing party in any dispute about those agreements.  Further,

Newmont argues that it would be entitled to recover its litigation costs

under Idaho Code § 12-120(3).[5]

The Court declines Newmont's request for attorney fees and costs.

Recall, the Johnsons and Newmont compromised their respective claims

against one another arising out their various contracts via the Settlement.

At bottom, as Newmont has acknowledged in its arguments to this Court,

---

[5] Idaho Code § 12-120(3) provides:

In any civil action to recover on an open account, account
stated, note, bill, negotiable instrument, guaranty, or
contract relating to the purchase or sale of goods, wares,
merchandise, or services and in any commercial transaction
unless otherwise provided by law, the prevailing party shall
be allowed a reasonable attorney's fee to be set by the court,
to be taxed and collected as costs.

MEMORANDUM OF DECISION – 15

the present dispute concerns the interpretation of the Stipulation between the Johnsons, Newmont, and Trustee, and the legal effect of the Court's order approving it, in relation to Trustee's proposed disposition of the funds in the bankruptcy estate.  This is not a contest about the Contract, the promissory note, or the termination agreement.  Moreover, the Court does not view the parties' Stipulation as a commercial contract for purposes of the Idaho statute.  The Court therefore concludes that Newmont is not entitled to recover its attorney fees and costs.

### *Conclusion*

For these reasons, the Johnsons' Renewed and Restated Objection to Newmont's proof of claim, and the Johnsons' objection to Trustee's Final Report, Dkt. No. 102, will be OVERRULED.  The Court will enter a separate order.

MEMORANDUM OF DECISION – 16

Dated:  February 2, 2015

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 17